**GERIK–JONES, INC., an Alaskan Corporation, Appellant,**

v.

**TIMBERLINE INDUSTRIES, INC., a corporation, Appellee.**

**No. S–4516.**

Supreme Court of Alaska.

Nov. 13, 1992.

Rehearing Denied Dec. 8, 1992.

Hal P. Gazaway, Anchorage, for appellant.

Mary Louise Molenda, Ruskin & Molenda, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

BURKE, Justice.

In 1985, Timberline Industries, Inc., (Timberline) was ordered involuntarily dissolved by the Alaska Department of Commerce and Economic Development "for failure to file a biennial report for the period ending December 31, 1984, and for failure to pay the 1985–1986 corporation tax." In September 1990, the department ordered Timberline "reinstated."

Before the department issued its reinstatement order, Timberline moved in superior court for dismissal of a pending damage action filed against Timberline by Gerik–Jones, Inc. (Gerik–Jones). The motion was made, partly, upon the ground that Timberline, because it had been dissolved, could no longer be sued due to lack of capacity. Alaska R.Civ.P. 17(b). The superior court agreed and ordered Gerik–Jones' complaint dismissed.

Following issuance of the department's reinstatement order, Gerik–Jones moved in superior court for relief from the judgment dismissing its action against Timberline.

Gerik–Jones argued that the department's order dissolving Timberline was void because Timberline was involved in a bankruptcy proceeding when the order was issued. The superior court disagreed, and the motion was denied. Gerik–Jones then filed this appeal.

We reverse. Assuming, *arguendo*, that the department's dissolution order was lawfully issued, as found by the superior court, and that Gerik–Jones' damage action was, therefore, properly dismissed, we believe the court, nevertheless, erred in refusing to later vacate its order of dismissal. When Timberland was "reinstated" by the department's order in September 1990, the reason for the dismissal of Gerik–Jones' damage action—lack of capacity—ceased to exist. The dismissal of Gerik–Jones' damage action should, therefore, have been set aside as it was no longer equitable that it have prospective effect. Alaska R.Civ.P. 60(b)(5). When ruling on Gerik–Jones' motion for relief from judgment, the court was not entitled to ignore the fact that, by then, Timberline's capacity to be sued had been fully restored.

REVERSED and REMANDED, for further proceeding not inconsistent with this opinion.